**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1519
_____

SEAN GUILDAY,
                                        Appellant

v.

CRISIS CENTER AT CROZER-CHESTER MEDICAL CENTER; PROSPECT CCMC
LLC d/b/a Crisis Center at Crozer-Chester Medical Center, PROSPECT CCMC LLC;
PROSPECT MEDICAL HOLDINGS INC; DARREN PIECHOTA, M.D.; TRACY
HALLIDAY; AKIBA BAILEY; PROSPECT CCMC LLC d/b/a Crozer Health Inpatient
Psychiatry in North Campus at Crozer-Chester Medical Center; CROZER HEALTH
INPATIENT PSYCHIATRY, in North Campus at Crozer-Chester Medical Center;
AMY BEBAWI, M.D.; JOHN/JANE DOE, The Director of Facility, Crozer Health
Inpatient Psychiatry in North Campus at Crozer-Chester Medical Center;
JOHN/JANE DOE, The Director of Facility, Crozer Crisis Center at
Crozer-Chester Medical Center; DELAWARE COUNTY OFFICE OF
BEHAVIORAL HEALTH; DELAWARE COUNTY OFFICE OF BEHAVIORAL
HEALTH, Division of Mental Health, Adult; DION GILLIARD; COUNTY OF
DELAWARE; *PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES;
MEG SNEAD, Acting Commonwealth Secretary of the Department of Human Services

(*Amended Per Clerk Order of 4/4/22)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-02010)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2022

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: December 7, 2022)

_____

OPINION*

_____

PER CURIAM

Sean Guilday appeals, inter alia, the District Court's orders granting Appellees' motions to dismiss his complaint. For the reasons that follow, we will vacate the District Court's judgment as to one claim and remand for further proceedings. In all other respects, we will affirm the District Court's judgment.

The procedural history of this case and the many details of Guilday's claims are well known to the parties, set forth and thoroughly addressed in the District Court's memorandum opinions, and need not be discussed at length. Briefly, Guilday was involuntarily committed for psychiatric treatment pursuant to the Pennsylvania Mental Health Procedures Act ("MHPA"). He later filed a complaint against Appellees alleging violations of his rights under federal and state law. Appellees filed motions to dismiss, which the District Court granted. The District Court dismissed his claims against the Commonwealth Appellees with prejudice. After then dismissing Guilday's federal claims against the County and Crozer-Chester Appellees with prejudice, the District Court declined to exercise supplemental jurisdiction and dismissed his state law claims against them without prejudice. After filing unsuccessful motions to amend his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

complaint and for reconsideration, Guilday filed a notice of appeal. In this Court, he has filed several motions seeking a variety of relief.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's orders granting Appellees' motions to dismiss. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). In its memorandum opinions, the District Court thoroughly described the factual background of the case and Guilday's allegations against the Appellees. We agree with its analysis with the exception of one claim.

In his complaint, Guilday alleged that Delaware County has a policy of allowing warrants for emergency examinations to be valid for 30 days from their issuance. He contended that this violated his rights under the Fourth Amendment as an unreasonable seizure. Compl. at ¶¶ 179-81. The District Court determined that Delaware County could not be liable because it was merely enforcing state law, i.e., the MHPA. See D. Ct. Op. at 16 (ECF #84) ("A warrant may be valid for up to thirty days, therefore, because the MHPA permits a warrant to be executed on the basis of evidence up to thirty days old."); Doby v. DeCrescenzo, 171 F.3d 858, 868 (3d Cir. 1999) (noting that "when a county is merely enforcing state law, without adopting any particular policy of its own, it cannot be held liable under the Monell [v. Department of Social Services, 436 U.S. 658, 694 (1978)] line of cases").

Guilday, however, alleged that the County purportedly has a policy allowing warrants to be valid from 30 days after *issuance* and not just 30 days from the events on which the warrant is based. Citing 50 Pa. Stat. and Cons. Stat. § 7301(b)(2)(i), the

3

County argues in response that the MHPA permits "issuance of a warrant premised on conduct within the past 30 days to obtain treatment within 30 days." Appellees' Br. at 18. That subsection provides that a person is a clear and present danger to himself if, within the last 30 days, he has acted in a manner to show that he is unable to care for himself without supervision and there is a reasonable probability that serious bodily injury would result within 30 days unless treated. The County reads the language regarding whether injury would ensue in 30 days without treatment as allowing the warrant to be valid for 30 days after its *issuance*. However, that language describes the imminence of the possible harm if the person is not treated.[1] The MHPA does not provide that warrants are valid 30 days after they are issued—or, indeed, contain any explicit requirements about the time in which to execute a warrant. Cf. Doby, 171 F.3d at 869 (suggesting that the county might be responsible if it has "some discretion in deciding how to implement" the state law).[2]

The District Court thus erred in dismissing this claim on the ground that the County was merely enforcing state law. Accordingly, we will vacate its decision as to

---

[1] Moreover, it is not clear that Guilday's warrant was issued pursuant to subsection (b)(2), which addresses being a danger to oneself or (b)(1), which addresses being a danger to others and does not contain the language regarding injury occurring within 30 days. In his complaint, Guilday alleges that his father told a doctor in a phone call that he would be fine with Guilday coming home. Guilday states that this call was a sign that he "was no longer perceived as a threat in the community." Compl. at ¶ 129.

[2] The MHPA allows a warrant to be issued up to 30 days after the behavior that establishes that the person is a clear and present danger to himself or others. We need not reach the question of whether a policy of allowing a warrant to be valid for 30 days after that behavior would be a county policy or a state policy.

this claim only and remand the matter to the District Court for further proceedings. As alternate grounds for affirmance have not been briefed, we leave it to the District Court on remand to determine in the first instance whether Guilday has stated a claim under the Fourth Amendment based on the delay in the execution of his warrant or could amend his complaint to do so if he provided additional factual information regarding the issuance and execution of his warrant. We also leave it to the District Court to determine whether Guilday has alleged facts that could establish municipal liability on the part of Delaware County or could amend his complaint to do so. See Popa v. Harriet Carter Gifts, Inc., 52 F.4th 121, 2022 WL 10224949, at *8 (3d Cir. 2022) ("We generally decline to resolve issues not decided by a district court, choosing instead to allow it to decide in the first instance.").[3] We express no opinion on these matters.

We strongly emphasize the narrowness of our decision and the limited nature of our remand. We have concluded only that the District Court erred in basing its dismissal on the ground discussed above. Our decision does not entitle Guilday to any injunctive relief or expedited handling of the remand by the District Court. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (noting that the manner in which a court disposes of cases on its docket is within its discretion).

In all other respects, we will affirm the District Court's decision for essentially the reasons that it provided. We note that in his brief on appeal Guilday asserts numerous, detailed constitutional challenges to the statutory procedures involved in the involuntary

---

[3] Our directions do not preclude the District Court from addressing any other basis for dismissal raised by the County Appellees or resolving the matter on other grounds.

commitment process. However, he did not raise a constitutional challenge to the MHPA in his complaint in the District Court. Rather, Guilday argued in his complaint that Appellee Delaware County's policies and procedures implementing the MHPA violated his constitutional rights. After the County Appellees argued in their motion to dismiss that their procedures satisfied the MHPA and noted that Guilday was not challenging the constitutionality of the statute, see ECF #25-3 at 9, Guilday then filed a motion for declaratory relief challenging the constitutionality of the MHPA, ECF #33, and asserted in his response to the motion to dismiss that he was challenging the constitutionality of the MHPA. See ECF #45-3 at 10. The District Court concluded that he had not raised that challenge in the complaint and noted that it would not address it. See ECF #84 at 30 n.16. It subsequently denied his motion for declaratory relief.

Guilday argues in his brief that he challenged the constitutionality of the MHPA in the District Court when he sought to enjoin "any unconstitutional . . . statutes" in his complaint. This was not sufficient to put the Appellees or the District Court on notice that he was challenging the constitutionality of the MHPA. We will consider an issue that was not raised in the District Court only in exceptional circumstances. See United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal."). There are no exceptional circumstances here. Moreover, Guilday recognizes that many of his arguments are foreclosed by our decision in Doby, see 171 F.3d at 875 (rejecting arguments that the MHPA violated the Due Process Clause and the Fourth Amendment), and understands that we, as a panel of the Court, cannot overturn

6

Doby.  See 3d Cir. I.O.P. 9.1 (2018) (providing that panel of the court cannot overturn the holding of a precedential opinion of a previous panel).  Rather, en banc consideration is required, see id., and the Court recently denied Guilday's petition for initial hearing en banc.

With the exception noted above, the District Court did not err in granting Appellees' motions to dismiss Guilday's complaint.  Nor did the District Court err or abuse its discretion in denying his requests for injunctive or declaratory relief, as he has not shown he is entitled to such relief.  See Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (plaintiff must establish real and immediate threat that he would be subject to unconstitutional action in order to establish standing for prospective relief).  Finally, Guilday has not shown that the District Court abused its discretion in denying his motion to amend his complaint or his motions for reconsideration.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (reviewing denial of leave to amend for abuse of discretion); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (reviewing denial of reconsideration for abuse of discretion).

For the above reasons, we will vacate the District Court's judgment in part and remand for further proceedings.  In all other respects we will affirm the District Court's judgment.  Guilday's motion to amend his motion for leave to file additional reply briefs is granted.  His motion to file additional reply briefs is granted in this instance only.  Guilday's remaining motions are denied.